**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**

MARC SOVIK,
ON BEHALF OF HIMSELF and
ALL OTHERS similarly situated,

Plaintiff,

v.

DUCKS UNLIMITED, INC.,

Defendant.

Case No. 2:11-cv-02310

**RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER POSTPONING DEPOSITIONS PENDING DEVELOPMENTS IN PENDING BANKRUPTCY CASE**

In response to Plaintiff's Motion for Protective Order Postponing Depositions Pending Developments in Pending Bankruptcy Case ("Motion for Protective Order"), Ducks Unlimited, Inc. ("Defendant" or "DU") states as follows:

## I. INTRODUCTION

More than four months ago, in its Motion to Dismiss, DU raised the issue of Plaintiff's failure to disclose his claims under the Fair Labor Standards Act ("FLSA") in his prior bankruptcy proceedings. Plaintiff did not seek to reopen his bankruptcy proceedings to disclose the claim or indicate that he was planning to do so in response to that motion. Instead, he pressed the issue of conditional certification (accusing DU of intentionally causing undue delay merely by opposing his Motion for Court-Supervised Notice) and agreed to an expedited discovery schedule on the issue of willfulness. As part of the discovery schedule, Plaintiff agreed to make himself available for deposition on Monday, July 18, 2011. Now, after the close of business on the last business day before he is to appear for deposition, Plaintiff has filed a

Motion for Protective Order informing the Court that he has "retained new bankruptcy counsel" and moved to reopen his bankruptcy case to disclose his claim against DU. Pursuant to Fed. R. Civ. P. 26(c), Plaintiff seeks a Protective Order staying his deposition until the Bankruptcy Court has determined whether to grant his motion to reopen.[1]

Plaintiff does not explain his last minute change of position on the disclosure of his claims or why he wasted both the Court's and Defendant's time in prosecuting a claim in a venue he now wishes to leave, though his timing suggests procedural gamesmanship and/or forum shopping are his motives. Regardless of his reasons, Plaintiff's Motion for Protective Order has no substantive merit and should be denied. Plaintiff cites ***no authority*** for the proposition that a Protective Order should issue. Indeed, when the relevant authority is considered, it is clear that there is no basis whatsoever for granting Plaintiff's Motion. Put simply, Plaintiff should not be permitted to belatedly shield himself from a deposition to which he agreed, thereby delaying the disposition of his Motion for Court-Supervised Notice and undermining the expedited discovery schedule established by the Court. Accordingly, Defendant asks that the Court (1) deny Plaintiff's Motion for Protective Order; (2) compel Plaintiff to make himself available for deposition in Memphis on or before July 30, 2011; (3) grant Defendant an extension to file its sur-reply in opposition to the Motion for Court-Supervised Notice for seven days after the date of the deposition; and (4) grant Defendant all costs and fees associated with having to defend against Plaintiff's Motion for Protective Order. In the alternative, Defendant asks that the Court stay all proceedings pending a ruling on Plaintiff's motion to reopen the bankruptcy proceedings.

[1] Plaintiff failed to attach a certificate of consultation in violation of L.R. 7.2(a)(1)(B) and Fed. R. Civ. P. 26(c), which expressly provides that "[t]he motion [for a protective order] must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."

## II. PROCEDURAL HISTORY

Plaintiff filed this collective action under the FLSA on January 5, 2011 in the United States District Court for the Middle District of Tennessee. (Doc. 1). On March 11, 2011, DU filed a Motion to Dismiss arguing, in relevant part, that Plaintiff's claims were barred by the doctrine of equitable estoppel because Plaintiff did not disclose his FLSA claim in his prior bankruptcy proceedings in the United States Bankruptcy Court for the Northern District of Indiana. (Doc. 8). In response, Plaintiff argued that he did not have knowledge of his claim at the time of his bankruptcy proceedings and judicial estoppel therefore did not apply. (Doc. 15). At no time did Plaintiff propose to reopen his bankruptcy proceedings to belatedly disclose his claim. To the contrary, he maintained that the matter should remain in the Middle District of Tennessee. (Doc. 15). Ultimately, the Motion to Dismiss was denied, and Plaintiff was permitted to pursue his claim, though the matter was transferred to this Court as a more appropriate venue. (Docs. 16-17).

After the matter was transferred, DU filed its Response in Opposition to Plaintiff's Motion for Court-Supervised Notice. (Doc. 27). On June 20, 2011, the Court issued an Order Regarding Preliminary Matters and Re-Setting Scheduling Conference, in which the Court instructed Plaintiff to file a reply in support of his Motion for Court Supervised Notice by June 23 and authorized the Parties to engage in limited discovery on the issue of willfulness, specifically including the taking of Plaintiff's deposition. (Doc. 32). After Plaintiff filed his reply brief, the Court granted DU permission to file a sur-reply within seven days of taking Plaintiff's deposition, which was set for Monday, July 18. (Doc. 38). On July 14, Plaintiff filed the motion to reopen bankruptcy proceedings with the Bankruptcy Court. After the close of business on Friday, July 15, Plaintiff filed the Motion for Protective Order seeking to delay his

deposition until the Bankruptcy Court rules on his motion to reopen the bankruptcy proceedings. (Docs. 40-41).

## III. LAW AND ARGUMENT

### A. Plaintiff's Arguments for a Protective Order Are Without Merit.

Plaintiff argues that his deposition should not go forward because (1) it is unclear which court will ultimately have jurisdiction over the lawsuit; (2) an automatic stay already *may* have issued with the filing of his motion to reopen bankruptcy proceedings; and (3) the deposition is a "core proceeding" that will be rendered a nullity if taken outside the bankruptcy proceeding. Each of these arguments is without merit.

With respect to his first argument, Plaintiff offers no legal reason why it would matter, with respect to the taking of his deposition, if the Bankruptcy Court ultimately assumes jurisdiction over this case. Instead, he relies on generalities and issues entirely personal to Plaintiff:

> If the bankruptcy court exercises jurisdiction over this case, there are a number of different issues and theories that will need to be addressed. Certainly, new counsel in Indiana will undoubtedly want to take and defend Mr. Sovik's deposition. In order to avoid duplication, wasted effort and expense, Plaintiff requests that the deposition be put off until after the United States Bankruptcy Court rules on the Motion by Debtor to Reopen Bankruptcy Case . . . .

It is unclear what "different issues and theories" will need to be addressed if this case moves forward in the Bankruptcy Court, such that Plaintiff should not be deposed while the matter is before this Court. The factual basis for Plaintiff's claim (and those of any potential opt-ins) remains the same.

To the extent there are issues regarding the viability of a collective action prosecuted by a bankruptcy trustee standing in Plaintiff's shoes or whether Plaintiff remains "similarly situated" to potential plaintiffs in light of his bankruptcy, these are purely legal issues that have no effect

on his deposition.[2] Moreover, it is irrelevant whether Plaintiff's new counsel would like to take or defend Plaintiff's deposition. Plaintiff filed the instant suit through current counsel, who are competent to defend his deposition. If Plaintiff wants his Indiana counsel to participate, nothing is stopping counsel from entering an appearance in this matter and doing so. These arguments are simply red herrings that should be disregarded.

Plaintiff next argues that it is "unclear" whether an automatic stay under 11 U.S.C. § 362 already has issued by his filing of the motion to reopen bankruptcy proceedings. This argument also lacks merit. It is well settled that the automatic stay provisions of Section 362 apply only to proceedings filed ***against*** the bankruptcy debtor and have no effect as to proceedings filed ***by*** the debtor. *See, e.g., Miklaski v. McKay*, 18 F.Supp. 2d 707, 712 (E.D. Mich. 1997)("11 U.S.C. § 362(a)(1) imposes an automatic stay of 'the commencement or continuation . . . of a judicial proceeding against the debtor.' As the plain language of the statute indicates, plaintiff's bankruptcy petition did not result in the stay of this action because it was brought by, and not against, the debtor." (*citing Parker v. Bain*, 68 F.3d 1131, 1138 (9th Cir. 1995); *Matter of U.S. Abatement Corp.*, 39 F.3d 563, 568 (5th Cir. 1994); *Brown v. Armstrong*, 949 F.2d 1007, 1009-10 (8th Cir. 1991); *Martin-Trigona v. Champion Federal Sav. & Loan Ass'n*, 892 F.2d 575, 577-78 (7th Cir. 1989); *Carley Capital Group v. Fireman's Fund Ins. Co.*, 889 F.2d 1126, 1126-27 (D.C. Cir. 1989); *In re Berry Estates*, 812 F.2d 67, 71 (2d. Cir. 1987)). Thus, there is no automatic stay in place in this lawsuit, and Plaintiff is free to appear for his deposition.

Finally, Plaintiff argues that his deposition is a "core proceeding" that will be rendered a nullity if it takes place outside of the bankruptcy proceeding. It is unclear what Plaintiff bases his argument upon, as he cites no authority in support thereof. The concept of "core

[2] DU is unaware of any authority to permit a bankruptcy trustee to act as the named or lead plaintiff in an FLSA collective action.

proceedings" is discussed in 28 U.S.C. § 157, which sets forth the jurisdictional bounds of bankruptcy courts. In delineating "core proceedings," Section 157 sets forth various classes of lawsuits, claims, and court orders – such as matters concerning the administration of the estate, counterclaims by the estate against persons filing claims against the estate, orders in respect to obtaining credit, etc. – over which the bankruptcy court may exercise jurisdiction, but does not mention depositions anywhere. Moreover, the language of Section 157 is permissive, not mandatory. ("Bankruptcy judges *may* hear and determine all cases under Title 11 and all core proceedings arising under Title 11, or arising in a case under Title 11 . . . .")(emphasis added). In light of the fact that there is no automatic stay in place and Section 157 contains no rule committing the taking of Plaintiff's deposition to the exclusive jurisdiction of the Bankruptcy Court, there is no legal basis for issuing the Protective Order sought by Plaintiff.

**B. Plaintiff's Motion for Protective Order Should Be Denied in Light of the Procedural Posture of this Matter.**

Plaintiff has completely failed to meet his burden to obtain relief under Fed. R. Civ. P. 26(c). Under this Rule, Plaintiff must demonstrate good cause for the issuance of a Protective Order, by showing that such order is necessary to "protect a party or person from annoyance, embarrassment, oppression or undue burden or expense. . . ." Plaintiff has not and cannot make such a showing. Instead, all relevant considerations of fairness and equity dictate that Plaintiff be compelled to appear for his deposition. Plaintiff previously took the position that this matter was not barred by his failure to disclose his claim in bankruptcy because he did not know he had such a claim when he filed for bankruptcy. (Doc. 15). Judge Trauger denied Defendant's Motion to Dismiss on this basis, freeing Plaintiff to proceed. He should not be heard now to claim that this is a matter for the Bankruptcy Court and to use the Bankruptcy Court as a shield to avoid discovery at the last minute.

Second, Plaintiff has moved for conditional certification in his FLSA matter and asked the Court to rule promptly on that motion.[3] He has done this despite the fact that he can only have a claim for one week's lost overtime pay if (and only if) he can produce evidence of a willful violation of the FLSA sufficient to invoke the three year statute of limitations as opposed the standard two year statute of limitations. The Court has agreed to consider the Motion for Court Supervised Notice (including the issue of conditional certification) at or before the reset Scheduling Conference on August 11. Based on the representations of both Parties, including Plaintiff, the Court has granted a limited opportunity to conduct discovery on the issue of willfulness so that DU can respond to the Motion for Court-Supervised Notice. The Court has expressly given Defendant a right to file a sur-reply, and Defendant needs to take Plaintiff's deposition for that purpose. Granting Plaintiff's Motion for Protective Order will necessarily disrupt the schedule established by the Court with the input of the Parties.

Plaintiff's bankruptcy was closed over 18 months ago, in October 2009. Defendant raised the issue of his claim and the bankruptcy in its Motion to Dismiss on March 11, 2011. Plaintiff now waits until July 14 to seek to reopen his bankruptcy and waits until 5:17 p.m. on Friday, July 15 to seek a protective order, all to postpone a deposition set by agreement of counsel on July 18 in Nashville. This appears to be an attempt to avoid discovery, hinder DU's

[3] In his Reply in Support of Motion for Court-Supervised Notice, Plaintiff repeatedly decried the prejudicial effect of even the slightest delay in resolving the conditional certification issue, going so far as to accuse Defendant of engaging in dilatory tactics by having the temerity to oppose Plaintiff's unsupported, perfunctory motion for notice. ("It is unclear if Defendant felt like it just had to file something to oppose the Motion or if Defendant is trying to delay notice from going out in the hope that the passage of more time will bar more valid claims by virtue of the ever running statute of limitations."). (Doc. 35 at 2-3). According to Plaintiff's Reply, the claims of potential plaintiffs "are dying every day" because of the running of the statute of limitations, making any delay a matter of critical importance. (Doc. 35 at 10). Apparently, Plaintiff's concern over the plight of potential plaintiffs has cooled, as he shows remarkable aplomb regarding the delays caused by his Motion for Protective Order. (Doc. 41 at 4)("Frankly, what is the point of proceeding when, within a matter of days, the bankruptcy court will decide who will have jurisdiction over this case?"). Once again, however, Plaintiff offers no explanation for this abrupt reversal of position.

ability to respond to the motion for conditional certification, and cause additional cost and expense to the DU. The Court should reject such procedural gamesmanship and compel Plaintiff to appear for his deposition in Memphis on or before July 29, in compliance with the schedule already agreed to by Plaintiff. None of these actions will hinder a decision of the Bankruptcy Court as to whether to reopen the proceeding or any subsequent proceedings that may take place in that Court.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully urges the Court to (1) deny Plaintiff's Motion for Protective Order; (2) compel Plaintiff to make himself available for deposition in Memphis on or before July 29, 2011; (3) grant Defendant seven days from the date of Plaintiff's deposition to file its sur-reply; and (4) grant Defendant its costs and fees associated with responding to the Motion for Protective Order. In the alternative, Defendant asks that the Court stay all proceedings pending a ruling on Plaintiff's motion to reopen the bankruptcy proceedings.

Respectfully submitted,

*/s/ Paul E. Prather*

Paul E. Prather (TN Bar No. 10089)
Amber Isom-Thompson (TN Bar No. 21210)
R. Alex Boals (TN Bar No. 22682)
KIESEWETTER WISE KAPLAN PRATHER, PLC
3725 Champion Hills Drive, Suite 3000
Memphis, Tennessee 38125
Telephone: (901) 795-6695
Facsimile: (901) 795-1646
pprather@kwkplaw.com
aisom@kwkplaw.com
aboals@kwkplaw.com

Attorneys for Defendant Ducks Unlimited, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of July, 2011, I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing to the following:

Peter F. Klett, III, Esq.
Robert C. Bigelow, Esq.
DICKINSON WRIGHT PLLC
424 Church Street, Suite 1401
Nashville, Tennessee 37219

/s/ *Paul E. Prather*